IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,972






EX PARTE JUNIUS SEREAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08CR2114 IN THE 405TH DISTRICT COURT


FROM GALVESTON COUNTY






 Per curiam.

 

O P I N I O N



 The Court substitutes this opinion for the earlier opinion issued on February 27, 2013.

 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to thirty-two years' imprisonment. The Fourteenth Court of
Appeals affirmed his conviction. Sereal v. State, No. 14-10-00594-CR (Tex. App.-Houston [14th]
May 10, 2011). 

 Applicant contends that his due process rights were violated because a forensic scientist did
not follow accepted standards when analyzing evidence and therefore the results of his analyses are
unreliable. The State and the trial court agreed that relief was warranted before remand, but the
record was insufficient to decide the case at that time. This Court remanded the application to obtain
more information. Specifically, the Court needed three additional pieces of information to resolve
this case: (1) a copy of the Department of Public Safety (DPS) report Applicant was relying on for
his claim; (2) a determination that the lab technician named in that report was the only scientist that
worked on this sample; and (3) a finding as to whether the sample was destroyed or could be
retested. The trial court has now provided this Court with all the information necessary to resolve
this case on the merits. The DPS report shows that the lab technician who was solely responsible
for testing the evidence in this case is the scientist found to have committed misconduct . While there
is evidence remaining that is available to retest in this case, that evidence was in the custody of the
lab technician in question. This Court believes his actions are not reliable therefore custody was
compromised, resulting in a due process violation. Applicant is therefore entitled to relief. 

 Relief is granted. The judgment in Cause No. 08CR2114 in the 405th District Court of
Galveston County is set aside, and Applicant is remanded to the custody of the Sheriff of Galveston
County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of
this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: March 6, 2013

Do Not Publish